IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| v. ) | Criminal No. 22-77 |
| ) | |
| TERRY TABOR ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said district, and respectfully files the following sentencing memorandum:

A. **BACKGROUND**

The Presentence Investigation Report ("PSIR") has calculated the advisory guideline range as 70 months to 87 months of imprisonment in this matter. The government does not have any disputes with that calculation and does not intend to seek any departures from that guideline calculation. There is a plea agreement in this matter pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), according to which the parties stipulated and agreed that the appropriate sentence in these cases is a term of imprisonment of 60 months, a term of supervised release of four years, no fine, and a special assessment of $100. For the reasons set forth below, such a sentence ten months below the sentencing guidelines is appropriate in light of the 18 U.S.C. § 3553(a) factors.

B. **THE PRESENTENCE INVESTIGATION REPORT**

There are no issues that the Court must resolve prior to sentencing in order to calculate the appropriate offense level under the Sentencing Guidelines. The parties agree that the PSIR reflects a correct calculation of the Sentencing Guideline range, prior to any variances or departures.

C. **SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

Pursuant to Section 3553(a), the Court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1. **The Nature and Circumstance of the Offense and the History and Characteristics of the Defendant**

The sentence must take into consideration the nature and circumstances of the offense, as well as the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The defendant pled guilty to the lesser-included offense of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of cocaine. A search warrant executed at the defendant's residence resulted in the seizure of over 500 grams of cocaine and 50 grams of methamphetamine, as well as a large amount of United States currency and other narcotics.

The defendant's criminal history is also described in the PSIR. The defendant's criminal history consists of prior convictions for serious offenses between 1979 and 1990 (PSIR ¶¶ 28-33). However, the defendant's only conviction since 1990 is a 2020 conviction for trafficking marijuana in Nevada (PSIR ¶ 34), for which he will serve a sentence between four years and ten years of incarceration. Because the defendant's violent criminal history is stale, and he is already being

sentenced to a substantial penalty for his marijuana trafficking conviction, a sentence of 60 months of incarceration is appropriate.

   2. **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The sentence must reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses. 18 U.S.C. §§ 3553(a)(2). Promoting respect for the law and providing for a just punishment are, from the government's perspective, the primary goals of sentencing that are very much aligned with the goal of general deterrence discussed below.

   3. **The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

This sentence is important in terms of both deterring this particular defendant and generally deterring third parties. The expectation is that the current prosecution, and most importantly the current sentence, will deter the defendant from committing this type of offense in the future. In this instance, the defendant, who is already been subjected to a substantial penalty for marijuana trafficking, should be sufficiently deterred from future criminal activity by a penalty of sixty months of incarceration.

The government commonly creates press releases detailing the sentences that are pronounced in the Western District of Pennsylvania. In this way, the internet and media outlets are able to make the general public aware of the sentences imposed in federal court. The expectation is that other individuals will thereby also be deterred from committing crimes similar to those committed by the defendant.

   4. **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The defendant's educational background, mental and physical health, work history, and personal background are all detailed in the PSIR. The government has no objection to the defendant

taking advantage of any and all programming available while serving his sentence, both in the Bureau of Prisons and while on supervised release, to address any educational, vocational, medical, or other treatment needs.

5. **The Guidelines and Policy Statements Issued by the Sentencing Commission**

The government does not view this factor as particularly relevant in this case.

6. **The Need to Avoid Unwarranted Sentencing Disparities**

The United States Sentencing Commission Guideline Manual states that one of the primary purposes of the Guidelines was to achieve Congress' laudable goal of "reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders."  U.S.S.G. Ch. 1, Part A, Subpart 3.  As a general rule, sentences within the advisory sentencing guideline range will advance the goal of avoiding unwarranted sentencing disparities. United States v. Kluger, 722 F.3d 549, 569 (3d Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 54 (2007)); United States v. Jones, 326 Fed. Appx. 90 (3d Cir. 2009); United States v. Bauer, 529 Fed.Appx. 275, 279, n. 4 (3d Cir. 2013).

The government requests that the Court impose a sentence of a period of incarceration of sixty months, which strikes an appropriate balance by considering the Sentencing Guidelines, the defendant's criminal history, while also being cognizant of unwarranted sentencing disparities.

7. **The Need to Provide Restitution**

There is no restitution in this case.

D.  **DISCUSSION OF FACTORS**

The defendant is a 62-year-old man with a criminal history that is mostly stale with the exception of a recent marijuana trafficking conviction.  It is the government's position that the Court should sentence the defendant to a period of incarceration of 60 months because such a sentence strikes an appropriate balance between the defendant's criminal history, his positive characteristics,

and the seriousness of the crime while also considering the deterrent value of the sentence, the need to reflect the seriousness of the offense and promote respect for the law, and the need to avoid unwarranted sentencing disparities.  The government respectfully requests that the Court sentence the defendant to a period of incarceration of sixty months, followed by four years of supervised release, which would fulfill the dictates of 18 U.S.C. § 3553.

        Respectfully submitted

        TROY RIVETTI
        Acting United States Attorney

        */s/  Jonathan D. Lusty*
        JONATHAN D. LUSTY
        Assistant U.S. Attorney
        PA ID No. 311180