IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 22-77 |
| TERRY TABOR, | ) ) ) | |
| Defendant. | ) ) | |

**TENTATIVE FINDINGS AND RULINGS
CONCERNING THE APPLICABLE ADVISORY GUIDELINE RANGE**

On November 10, 2022, defendant TERRY TABOR ("TABOR" or "defendant") pleaded guilty to a lesser included offense at Count 1 of the Indictment, that is, Possession with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine and 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(B)(ii).

Pursuant to Local Rule 32C.4, counsel for defendant and for the government each had an opportunity to submit objections to the Presentence Investigation Report ("PIR") prepared by the Probation Office. Neither party raised an objection to the guideline calculation set forth in the PIR.

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in § 3553(a) that the

court must consider is "the kinds of sentence and the sentencing range established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense. At the time of sentencing, the court will impose the defendant's sentence in consideration of all the factors set forth in § 3553(a).

With respect to defendant's advisory Guidelines range, the court tentatively finds as follows:

**Offense Level**

1. Base Offense Level: The guideline for 21 U.S.C. § 841(a)(1) offenses is found in U.S.S.G. § 2D1.1 of the guidelines, which calls for a base offense level of 28, as the type and quantity of controlled substance attributable to the defendant is at least 700 kilograms but less than 1,000 kilograms of Converted Drug Weight. U.S.S.G. §2D1.1(c)(6).

2. TABOR demonstrated acceptance of responsibility for the offense. Pursuant to U.S.S.G. § 3E1.1(a), his offense level is decreased by 2 points.

3. TABOR assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Pursuant to U.S.S.G. § 3E1.1(b), TABOR's offense level is decreased by 1 additional point.

4. TABOR's total offense level is **25**.

**Criminal History**

    5.      TABOR's criminal history score is 4.

    6.      According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 4 establishes a criminal history category of **III**.

**Imprisonment**

    7.      Count 1: The minimum term of imprisonment is five years and the maximum term is 40 years. 21 U.S.C. §§ 841(b)(1)(B)(ii) and (viii).

    8.      Based upon a total offense level of 25 and a criminal history category of III, the guideline imprisonment range is 70 months to 87 months.

    9.      The defendant is presently serving an undischarged term of imprisonment at CR20-0226 in the Second Judicial District Court of the State of Nevada, County of Washoe. Pursuant to U.S.S.G. §5G1.3(d)(Policy Statement), "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

    10.      Pursuant to Rule 11(c)(1)(C), the parties stipulated and agreed that the appropriate sentence in this case is a term of imprisonment of 60 months, a term of supervised release of 4 years, a special assessment of $100 and no fine. The term of imprisonment stipulated to by the parties is the minimum required by statute.

**Supervised Release**

    11.      The Court must impose a term of supervised release of at least 4 years. 21 U.S.C. §§ 841(b)(1)(B)(ii) and (viii).

12. The guideline term of supervised release is 4 years. U.S.S.G. §5D1.2(c).

**Probation**

13. The defendant is ineligible for probation because the offense is a Class B Felony. 18 U.S.C. § 3561(a)(1).

**Fine**

14. The maximum fine is $5,000,000. 21 U.S.C. §§ 841(b)(1)(B)(ii) and (viii).

15. The fine range for these offenses is $20,000 to $5,000,000. If the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation, the court may impose a fine up to the maximum authorized by the statute. U.S.S.G. §§5E1.2(c)(3) and (c)(4).

16. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

**Restitution**

17. Restitution is not applicable.

**Forfeiture**

18. The defendant shall forfeit to the United States all property subject to forfeiture, including but not limited to $127,301 in U.S. currency.

By the court,

Date:   March 29, 2023

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge